# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TAMIKA L. WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| **EQUIFAX INFORMATION** | ) |
| **SERVICES, INC.; EXPERIAN** | ) |
| **INFORMATION SOLUTIONS, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act[1] (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete

---

[1] Any reference the FCRA or any part thereof encompasses all relevant parts and subparts thereto.

      diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3. The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendants resides in this Judicial District as Defendants is subject to personal jurisdiction in this Judicial District.

## Parties

5. The Plaintiff, Tamika L. White ("Plaintiff White"), is a natural person who resides within this Judicial District.

6. Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign company (incorporated in Georgia) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of Georgia and it is incorporated in Georgia.

7. Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of California and it is incorporated in Ohio.

**Factual Allegations**

8. In June 2008, LVNV Funding, LLC, (hereinafter "LVNV") sued Plaintiff in the District Court (Small Claims) of Jefferson County, Bessemer Division, Alabama, with a case number of SM-2008-925.

9. In this suit, LVNV asserted it was the owner of a certain debt allegedly owed by Plaintiff White.

10. Plaintiff White filed an Answer denying the allegations of LVNV.

11. The state court set the case for trial. Notice was sent to LVNV and Plaintiff White.

12. At all times Plaintiff White was prepared for trial.

13. The court dismissed the case with prejudice and entered a bench verdict against Plaintiff White on October 1, 2008.

14. Plaintiff White did not and does not owe this money to LVNV.

15. Plaintiff White is a "consumer" as defined by the FDCPA and FCRA.

16. After the victory at trial, Plaintiff White sent a letter to Defendants Equifax and Experian, requesting an investigation of the LVNV's account that still appeared on Plaintiff White's credit report.

17. Plaintiff White requested that the LVNV's account be deleted, as Plaintiff White did not owe it.

18. Defendants Equifax and Experian were not concerned and did not care about what the state court did in the case as Defendants Equifax and Experian did not intend to perform a reasonable investigation.

19. Defendants Equifax and Experian did not perform any type of reasonable investigation.

20. Defendants failed to properly investigate these disputes as if Defendants Equifax and Experian had properly investigated, the LVNV account would have been deleted.

21. On November 5, 2008, Defendant Equifax issued its results of investigation, which show the LVNV's account with a balance due and that it is a collection account.

22. On November 6, 2008, Defendant Experian issued its results of investigation, which show the LVNV's account with a balance due and that it is a collection account.

23. Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

24. The Defendants Equifax and Experian have previously proclaimed that they are obligated to rely upon whatever the public records state about a consumer.

25. For example, had Plaintiff White lost the suit and a judgment was entered in favor of LVNV, and Plaintiff White disputed with Defendants Equifax and Experian, Plaintiff White would have been told by Defendants Equifax and Experian that they were bound by the state court judgment which says Plaintiff White owes the money.

26. These same Defendants Equifax and Experian, however, <u>refused</u> to rely upon what the state court judge actually said – a dismissal with prejudice in favor of Plaintiff White which is an adjudication of the merits.

27. The ruling in favor of Plaintiff White means Plaintiff White does not owe the money claimed by LVNV.

28. The state court ruling was a final judgment on the merits.

29. This final judgment was not appealed.

30. There is no avenue for appeal for LVNV of this judgment as the time to appeal has long since passed.

31. Despite this knowledge, Defendants Equifax and Experian have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever its customer, LVNV, has told it to say.

32. Defendants Equifax and Experian have a policy to favor the paying customer, in this situation LVNV, rather than what the consumer or the state court says about a debt.

33. The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to Defendants Equifax and Experian.

34. The importance of keeping balances on credit reports is that the Defendants Equifax and Experian understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

35. Defendants Equifax and Experian maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in its files and to

6

conduct a reasonable investigation on Plaintiff White's disputes, which led as a direct result and consequence to the Defendants Equifax and Experian either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

36. At all relevant times the Defendants Equifax and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff White's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

37. The Defendants Equifax and Experian have failed to maintain Plaintiff White's account with maximum accuracy and Defendants Equifax and Experian have failed to properly investigate the account in response to the disputes made by Plaintiff White.

38. The conduct of the Defendants Equifax and Experian has proximately caused Plaintiff White past and future monetary loss, past and future damage to Plaintiff White's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

39. It is a practice of the Defendants Equifax and Experian to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

40. Defendants know their conduct was wrong.  For example, Defendants Equifax and Experian have been sued multiple times in this district for this identical misconduct.

41. Defendants know debt buyers such as LVNV are not trustworthy and Defendants know they must conduct their own investigation but they chose not to do so.

42. All actions taken by employees, agents, servants, or representatives of any type for the Defendants Equifax and Experian were taken in the line and scope of such individuals (or entities') employment, agency or representation.

43. All actions taken by the Defendants Equifax and Experian were done with malice, were done willfully, and were done with either the desire to harm Plaintiff White and/or with the knowledge that their actions would very likely harm Plaintiff White and/or that their actions were taken in violation of the FCRA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and/or state law.

44. Defendants Equifax and Experian have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such Defendants Equifax and Experian are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

45. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

46. Defendants Equifax and Experian are "consumer reporting agencies," as codified at 15 U.S.C. § 1681a(e).

47. LVNV is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

48. Plaintiff White notified Defendants Equifax and Experian directly of a dispute on the LVNV account's completeness and/or accuracy, as reported.

49. Defendants Equifax and Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff White's disputes.

50. Plaintiff White alleges that at all relevant times Defendants Equifax and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff White's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

51. Plaintiff White alleges that Defendants Equifax and Experian failed to conduct a proper and lawful reinvestigation.  For example, Defendants Equifax and Experian were given notice that the collection suit was resolved with the Plaintiff White winning the case, but Defendants apparently failed to review the court file or contact the court or contact counsel for LVNV.  Other examples will become apparent once discovery is commenced.

52. All actions taken by the Defendants Equifax and Experian were done with malice, were done willfully, and were done with either the desire to harm Plaintiff White and/or with the knowledge that their actions would very likely harm Plaintiff White and/or that their actions were taken in violation of the FCRA and state law and/or that knew or

should have known that their actions were in reckless disregard of the FCRA and state law.

53. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

54. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

55. Defendants Equifax and Experian intentionally published false and defamatory information related to the LVNV account.

56. Defendants Equifax and Experian acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff White as set forth in this Complaint. This includes the initial reporting of LVNV account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

57. Defendants Equifax and Experian assumed a duty to accurately report the balances and account.

58. Defendants Equifax and Experian violated all of the duties the Defendants Equifax and Experian had and such violations were made

intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

59. It was foreseeable, and Defendants Equifax and Experian did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff White.

60. Defendants Equifax and Experian acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff White as set forth in this Complaint. This includes the initial reporting of the accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

61. Defendants Equifax and Experian invaded the privacy of Plaintiff White as set forth in Alabama law, including publishing false information about Plaintiff White's personal financial obligations.

62. Defendants Equifax and Experian acted with intentional, reckless, or wanton conduct in reporting this false information.

63. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

64. As a result of this conduct, action, and inaction of Defendants Equifax and Experian, Plaintiff White has suffered damage as set forth in this Complaint.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff White respectfully prays that judgment be entered against the Defendants for the following:

A. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

B. Plaintiff White also requests all further relief to which Plaintiff White is entitled under Federal or State law, whether of a legal or equitable nature.

>Respectfully Submitted,
>
>/s/ John G. Watts
>**John G. Watts ASB-5819-T82J**
>**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M
Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve Defendants via certified mail at the following addresses:**

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109